IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY G. CREW, 303352, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-431-WKW |
| | ) | [WO] |
| | ) | |
| ANDRE TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Anthony G. Crew, an indigent state inmate.  In the instant complaint, Crew alleges that

defendant Taylor used excessive force against him on May 18, 2017 and failed to refer

him for medical treatment after the use of force. Doc. 1 at 3.  Crew also challenges his

placement in disciplinary segregation for 45 days. Doc. 1 at 3.

Pursuant to the orders of this court, the defendant filed a special report and

supplemental special reports supported by relevant evidentiary materials, including

affidavits, an incident report, a disciplinary report and medical records, in which he

addresses the claims for relief presented by Crew.  The reports and evidentiary materials

refute the self-serving, conclusory allegations presented by Crew.  Specifically, the

defendant asserts that he did not act in violation of the plaintiff's constitutional rights as

he merely protected himself after Crew refused orders, acted in a disruptive manner, and

became physically aggressive. Doc. 9-1 at 1–2.  The evidentiary materials filed by the

defendant further demonstrate that Crew received medical treatment immediately after the use of force about which he complains. Doc. 9-2 at 2.  The undisputed medical records compiled contemporaneously with the treatment provided to Crew establish that Crew advised the attending nurse he was "[n]ot hurt anywhere." Doc. 9-3 at 2. Moreover, the nurse noted that Crew suffered "[n]o injuries[.]" Doc. 9-3 at 2.

An internal investigation conducted by correctional officials found "that the use of force administered against inmate Crew by Officer Taylor was reasonable, necessary, and justified due to inmate Crew exercising physical resistance to several lawful commands given to him by ADOC Staff to turn around to be handcuff[ed] and inmate Crew displaying active aggression toward Officer Taylor by snatching away, and striking Officer Taylor on the right hand and arm.  The force used was to gain control of inmate Crew and to stop [his] disruptive behavior." Doc. 9-6 at 2.  Finally, the record before the court is devoid of evidence showing that the conditions about which Crew complains constituted a violation of his constitutional rights.

In light of the foregoing, the court issued an order directing Crew to file a response to the defendant's written reports. Doc. 14.  The order advised Crew that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 14 at 1. Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 14 at 1.  The time allotted to Crew for filing a response in compliance with the directives of this order expired on January 12, 2018.  Crew has

failed to file a response in opposition to the defendant's written reports.   The court

therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than

dismissal is appropriate.   After this review, the court concludes that dismissal of this case

is the proper course of action at this time.   Crew is an indigent individual so the

imposition of monetary or other punitive sanctions against him would be ineffectual.

Additionally, Crew's inaction in the face of the defendant's reports and evidence suggests

an abandonment of the prosecution of this case.   Finally, the evidentiary materials

submitted by the defendants, which are undisputed by the plaintiff, demonstrate that no

constitutional violation occurred.   It therefore appears that any additional effort by this

court to secure Crew's compliance would be unavailing.   Consequently, the court

concludes that Crew's abandonment of his claims and his failure to comply with an order

of the court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989)

(holding that, as a general rule, dismissal for failure to obey a court order is not an abuse

of discretion where a litigant has been forewarned).

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that

this case be dismissed without prejudice.

On or before **June 25, 2018** the parties may file objections to the

Recommendation.   A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made.   Frivolous,

conclusive, or general objections to the Recommendation will not be considered.   Failure

to file written objections to the Magistrate Judge's findings and recommendations in

accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo

determination by the District Court of legal and factual issues covered in the

Recommendation and waives the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted

by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R.

3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.

1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 11th day of June, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE